# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**WILLIAM STACY TIMMONS, # 175624**　　　　　　　　　　　　　　　**PLAINTIFF**

**VERSUS**　　　　　　　　　　　**CIVIL ACTION NO. 3:16cv983-CWR-FKB**

**WARDEN BRIAN LADNER,**
**DISCIPLINARY OFFICER LATASHA**
**BROOKS, and DISCIPLINARY OFFICER**
**TIRAH WESLEY**　　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff William Stacy Timmons is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action under 42 U.S.C. § 1983, challenging a Rule Violation Report ("RVR"). The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

## BACKGROUND

Timmons is currently housed at Central Mississippi Correctional Facility. Defendant Brian Ladner is the Warden, and Defendants Latasha Brooks and Tirah Wesley are employed as disciplinary officers at the prison.

Timmons alleges that, on August 25, 2016, he was issued an RVR for possession of a green leafy substance, thought to be marijuana. He claims that he was innocent and that a corrections officer planted the contraband.

For this RVR, a hearing was held, Timmons contends, on September 7, 2016. According to the pleadings, Brooks and Wesley "denied access [sic] and presentation of evidence at the hearing." (Compl. at 3). Particularly, Timmons maintains that camera evidence was not allowed, even though it would have demonstrated his innocence. Brooks and Wesley also allegedly did not

record the hearing, ignored the fact that the RVR was incomplete and contained conflicting details, and allowed a time lapse of more than seven days between the alleged violation and the hearing date, all in contravention of MDOC policy. The hearing officers found Timmons guilty and punished him with a loss of privileges and ninety days of meritorious earned time credits.

Timmons then appealed the RVR conviction to Warden Ladner. He affirmed the guilty finding, despite the alleged defects referenced above.

Timmons filed this Complaint on December 28, 2016, invoking § 1983. Timmons asserts claims for violations of due process, and he seeks removal of the RVR from his record, recovery of court costs and fees, and "any other relief" the Court deems just. *Id.*

**DISCUSSION**

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing

of the answer." *Id.* The Court has permitted Timmons to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

Timmons brings this action, under § 1983, claiming violations of due process in his disciplinary proceedings, which resulted in a loss of earned time credits.

S<small>ECTION</small> 1983

A § 1983 claim that challenges the fact or duration of a State conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

The Supreme Court examined a similar case in *Edwards v. Balisok*, 520 U.S. 641 (1997). There, the prisoner challenged a prison disciplinary proceeding which resulted in the loss of 30 days of good time credit. *Edwards v. Balisok*, 520 U.S. 641, 644 (1997). The prisoner claimed that the hearing was procedurally defective because he "was completely denied the opportunity to put on a defense through specifically identified witnesses who possessed exculpatory evidence." *Id.* at 646. The Court held this alone was enough to invalidate the RVR conviction. *Id.* at 647.

Additionally, the prisoner complained that the hearing officer was biased. *Id.* Because the claims, if true, would necessarily invalidate the RVR, *Heck* barred the § 1983 action. *Id.* at 648.

Here, Timmons likewise claims he is innocent and was denied the opportunity to present exculpatory evidence. He also contends that his arguments were ignored and the proceedings violated MDOC procedures. Success on these claims will necessarily invalidate the State RVR conviction and revocation of earned time. Therefore, the claims may only proceed if he proves the conviction has already been invalidated. He admits that this RVR conviction still stands.

Because his RVR conviction and revocation of earned time have not been invalidated, Timmons is precluded by *Heck* from challenging them in this civil action at this time. The § 1983 claims will therefore be dismissed with prejudice for failure to state a claim, until such time as he has this RVR conviction invalidated via appeal, post conviction relief, habeas corpus relief, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal will count as a strike under § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

HABEAS

Construing the Complaint liberally, it appears that Timmons also seeks habeas relief, because he requests to have the RVR and revocation of earned time removed. If a favorable ruling would "automatically entitle [the prisoner] to accelerated release," then the action is one for habeas corpus. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Before Timmons can pursue a habeas claim in this Court, he must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust his claims, he

is required to seek relief from the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).

The only attempts at exhaustion Timmons describes are with MDOC's Administrative Remedy Program. He does not allege that he has exhausted his habeas claims, or that he has even brought them before a state court at any level. Therefore, the Court declines to sever the habeas claims. Instead, they are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the 42 U.S.C. § 1983 claims are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until pro se Plaintiff William Stacy Timmons successfully has the Rule Violation Report conviction invalidated, via appeal, post conviction relief, habeas, or otherwise. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that any remaining habeas claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 12th day of April, 2017.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE